

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
------------------------------------------------------------- X
**LAQUAN DEVOTA HARRIS,**

                Plaintiff,

      - against -

**NEW YORK POLICE DEPARTMENT at 421 EMPIRE BLVD.,**

                Defendant.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-CV-7323 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* plaintiff, LaQuan Devota Harris, brought this action on December 27, 2019 seeking compensation for violations of 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted solely for the purposes of this order. For the reasons that follow, the complaint is dismissed.

## DISCUSSION

While *pro se* pleadings are held to less demanding standards than submissions prepared by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must still plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, under the *in forma pauperis* statute, the court must dismiss a complaint if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

The plaintiff alleges that from November 14, 2018 to June 1, 2019, NYPD officers from the 71st Precinct in Brooklyn, refused to investigate or file a police report after the plaintiff reported that his apartment keys had been stolen. (ECF No. 1. at 4-5.)

However, police officers have discretion to conduct investigations and initiate arrests, and are charged with acting for the benefit of the public, not private citizens. *See Kneitel v. Rose*, No. 19-CV-3742, 2019 WL 3804678, at *2 (E.D.N.Y. Aug. 13, 2019) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law.")). Therefore, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749-JG-LB, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Accordingly, the plaintiff's complaint is dismissed.

## CONCLUSION

The plaintiff's complaint is dismissed. In light of its duty to construe *pro se* complaints liberally, the Court has considered whether to grant the plaintiff leave to file an amended complaint, but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

In addition, the Court notes that the plaintiff is a frequent filer in this Court, and his prior cases have either been dismissed *sua sponte* or transferred *sua sponte* to other courts.[1] "If a

---

[1] *See Harris v. Mount Sinai St. Lukes*, No. 19-CV-7324 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Jan. 14, 2020); *Harris v. Fraser*, No. 19-CV-6844 (AMD) (LB) (dismissed on Jan. 2, 2020 for lack of subject matter jurisdiction); *Harris v. Scola*, No. 19-CV-5059 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Reynolds*, No. 19-CV-4818 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Giorgio*, No. 19-CV-5714 (AMD) (LB) (dismissed on November 5, 2019 for lack

litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted). The Court warns the plaintiff that it will not tolerate vexatious litigation, and will impose sanctions should the plaintiff continue to file frivolous lawsuits.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              _____
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
          January 22, 2020

---

of subject matter jurisdiction); *Harris v. Fuster*, No. 18-CV-5896 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Oct. 24, 2018) and *Harris v. Washington*, No. 18-CV-6376 (AMD) (LB) (dismissed on Nov. 15, 2018 for failure to comply with Rule 8 and for failure to state a claim).